UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERRIE JAIME,

        Petitioner,

v.                                    CASE NO. 6:13-cv-1414-Orl-31GJK
                                           (6:12-cr-122-Orl-31GJK)

UNITED STATES OF AMERICA

        Respondent.

_____/

## ORDER

This cause is before the Court on Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Amended Motion") (Doc. No. 4). The Government filed a response (Doc. No. 6) to the Amended Motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts.* Petitioner filed a reply (Doc. No. 7) and an amended reply (Doc. No. 10) to the response. Petitioner alleges two grounds for relief. For the reasons set forth below, the Amended Motion will be denied.

### I.    PROCEDURAL BACKGROUND

A grand jury charged Petitioner and two other individuals by indictment with one count of conspiracy to possess with intent to distribute Oxycodone. (Criminal Case No. 6:12-cr-122-Orl-31GJK, Doc. No. 25).[1] Petitioner subsequently entered into a plea

_____

[1]Criminal Case No.6:12-cr-122-Orl-31GJK will be referred to as "Criminal Case."

agreement in which she agreed to enter a guilty plea to count one of the indictment (Criminal Case Doc. No. 67).    Petitioner entered her plea before Magistrate Judge Gregory J. Kelly, who filed a Report and Recommendation Concerning Plea of Guilty recommending that the plea agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly (Criminal Case Doc. No. 71).

The Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offense (Criminal Case Doc. No. 31, filed June 13, 2011).    The Court next entered a Judgment in a Criminal Case in which Petitioner was sentenced to imprisonment for a term of 72 months, to be followed by supervised release for a term of 3 years (Criminal Case Doc. No. 115).    Petitioner filed a direct appeal, which the appellate court dismissed pursuant to Petitioner' motion for voluntary dismissal.

## II.    LEGAL STANDARDS

### A.    Standard for Ineffective Assistance of Counsel

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."    The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.    The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's

2

performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.   The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.  *Id*. at 687.[2]  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.  *Id.* at 689-90.

Further, "a defendant's knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings." *Duhart v. United States*, 556 F. App'x 897, 898 (11th Cir. 2014).   However, "a defendant can still maintain an attack on the voluntary and knowing nature of the guilty plea itself.  Such an attack can be based upon ineffective assistance of counsel claims that go to the knowing and voluntary nature of the plea." *Id.*

### III.    ANALYSIS

#### A.    Ground One

Petitioner states that her plea was involuntary.  Petitioner offers no facts or legal basis to support this ground in the Amended Motion.  Petitioner asserts in the reply that "counsel induced her to plead guilty to her conviction without advising her of the

---

[2]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59 (footnote omitted).   A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Significantly, the "reasonable probability" standard "is less than proof by a preponderance of the evidence." *Agan v. Singletary*, 12 F.3d 1012, 1018 (11th Cir. 1994).

true basis . . . ." *See* Doc. No. 7 at 3.[3]  She also asserts that counsel was ineffective by inducing her to enter the plea and by failing to file documents in a timely fashion at sentencing.

The Court in this case conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that she was not pressured to plead guilty and that she was entering her plea freely and voluntarily.  *See* Criminal Case Doc. No. 143 at 8-9. Petitioner acknowledged that she was completely satisfied with her attorney's services. *Id*. at 7.  Petitioner further stated that she understood the nature of the charges against her, the maximum penalty, and the rights she would waive by entering a plea.  *Id*. at 6-7, 11, 18-20.  Moreover, when asked if she had anything to tell or ask the Court that related to her decision to plead guilty, Petitioner responded negatively.  *Id*. at 15. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

The record in this case reflects that Petitioner understood the charges against her, understood the consequences of her plea, and voluntarily chose to enter a plea of guilty without being misled or otherwise misinformed.  Petitioner's responses throughout the entry of her plea illustrate a comprehension of the statements of the trial court and counsel, and therefore the record supports a finding that the plea was valid.  Petitioner was not misled or misinformed as to the sentence she would receive or as to the law,

_____

[3]Petitioner made a similar argument in the amended reply.  *See* Doc. No. 10 at 3.

and every effort was made to help Petitioner understand her rights and options. Petitioner entered into her plea of guilty voluntarily and knowingly. The Court also finds that Petitioner has not shown that counsel acted deficiently with regard to this matter or that she sustained prejudice.

Likewise, Petitioner has not demonstrated that counsel acted deficiently at sentencing or that she sustained prejudice. Although counsel may not have filed certain sentencing-related documents in a timely fashion, the tardiness had no effect on Petitioner's sentencing. In fact, the documents were reviewed by the Court and discussed by counsel at sentencing. *See* Criminal Case Doc. No. 151 at 5-6, 39-40. Consequently, ground one is denied.

### B.    Ground Two

Petitioner argues that there was "a disparity of sentence between the co-defendant and myself."

As noted above, Petitioner voluntarily dismissed her direct appeal, and, thus, this ground was not raised with the appellate court. "As a general rule, a criminal defendant who fails to object at trial or to raise an issue on direct appeal is procedurally barred from raising the claim in a section 2255 motion absent a showing of cause for failing to preserve the claim and actual prejudice from the alleged error." *Orso v. United States*, 452 F. App'x 912, 914 (11th Cir. 2012). In the alternative, "the merits of a procedurally defaulted claim may be reached, in very narrowly defined circumstances, if failure to address the claim would result in a 'fundamental miscarriage of justice.'"

*Id*.  Actual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard.  *Id*.

Petitioner has failed to establish either cause or prejudice to overcome the procedural bar.  Moreover, Petitioner does not argue or otherwise demonstrate that this ground should be considered under the actual innocence and fundamental miscarriage of justice standard.  Accordingly, this ground is denied as procedurally barred.

In addition, section 2255 authorizes a federal prisoner to move the Court that sentenced her to vacate or set aside that sentence solely "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose [it], or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  The difference between Petitioner's sentence and that of her co-defendants does not present a claim cognizable under section 2255.  *Alshalabi v. United States*, No. 08 CV 2734 RJD, 2012 WL 727911, at *6 (E.D.N.Y. Mar. 6, 2012).  Consequently, this ground is without merit.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.       The Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 4) filed by Terrie Jaime is **DENIED**.

2.      The Clerk of the Court shall enter judgment for respondent and thereafter close this case.   A copy of this Order and the judgment shall also be filed in criminal case number 6:12-cr-122-Orl-31GJK.

3.      The Clerk of the Court is directed to terminate the section 2255 motions (Criminal Case Doc. Nos. 161 and 164) filed in criminal case number 6:12-cr-122-Orl-31GJK.

4.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

7

**DONE** and **ORDERED** in Orlando, Florida on December 16th, 2014.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-2 12/16
Terrie Jaime
Counsel of Record

8